UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILBERT W. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:23-CV-0003 NCC |
| | ) |
| DANIEL REDINGTON, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's response to the Order to Show Cause. [ECF No. 11]. The Court has reviewed and considered petitioner's response and has determined that the petition should be summarily dismissed due to petitioner's failure to exhaust his administrative remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

**The Petition**

Petitioner is an inmate currently residing at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. On January 11, 2023, petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner asserted three grounds for relief in his petition. He argued that he was denied procedural due process when the Missouri State Court Judge in his criminal case refused to recuse himself, and he asserted he was denied access to the courts by Officer Tanner Malone while he was detained at Phelps County Jail. Plaintiff also argued that the Missouri State Court lacked jurisdiction over his revocation.

The Court reviewed petitioner's case on Missouri.Case.Net and found that a Grand Jury Indictment was filed on July 18, 2018, charging plaintiff with delivery of a controlled substance.

*See State v. Robinson*, No. 18PH-CR01011-01 (25th Judicial Circuit, Phelps County Court).[1] Petitioner plead guilty and was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections on November 5, 2018. However, he was given a Suspended Execution of Sentence (SES) and placed on probation for five years. On January 21, 2022, petitioner's probation was revoked, and he was remanded to the Missouri Department of Corrections to serve his twelve (12) year sentence. Petitioner did not appeal the probation revocation or sentence. *Id.*

On January 12, 2023, the Court reviewed the § 2254 petition and entered an Order directing petitioner to show cause as to why this action should not be dismissed for failure to exhaust state remedies. [ECF No. 5]. The Court explained, in part:

> [I]f a person receives an SES and is placed on probation, violates the conditions of his probation, has his probation revoked, and his sentence is executed, he may pursue § 2254 relief *after* exhausting state remedies by filing a state habeas petition under Rule 91 in the circuit or associate circuit court of the county where he is in custody. *See* Mo. S. Ct. R. 91.01(a).  Thus, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *See Upchurch v. Redington*, 2018 WL 6046411 (E.D. Mo. Nov. 19, 2018).
>
> Here, petitioner has not established that he exhausted his state remedies concerning his conviction, sentencing, or probation revocation. The Court can find no evidence that petitioner has raised the arguments which he brings here before a Missouri state court. As such, it appears petitioner has not completed the "one full round of litigation" necessary to satisfy the exhaustion requirement. *See e.g.*, *See Jones v. Solem*, 739 F.2d 329, 331(8th Cir. 1984) (affirming dismissal, without prejudice, of a § 2254 petition due to petitioner's failure to exhaust state remedies where petitioner's appeal from the denial of a state post-conviction action was still pending in state court when he filed his federal habeas action).

[ECF No. 5, pp. 3-4]. Plaintiff was provided with twenty-one (21) days, or until February 2, 2023, to file a response.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On February 1, 2023, petitioner filed a motion for extension of time in this matter seeking additional time to file a response to the Order to Show Cause. [ECF No. 8]. The Court granted petitioner's motion on February 2, 2023, and petitioner was granted until April 3, 2023, to respond to the Order to Show Cause. [ECF. No. 10].

On March 17, 2023, the Court received petitioner's response to the Order to Show Cause. [ECF No. 11]. In the response brief petitioner asks that the Court "excuse his procedural defects." He claims that under *Jones v. Bock*, 549 U.S. 199 (2007), he should not have to "show in his complaint" that he has exhausted administrative procedures. Petitioner also states, in a conclusory manner, that his grounds for "cause" are "newly discovered evidence" and a "gateway of actual innocence by way of manifest injustice."

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears the petitioner is not entitled to relief. For a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Sloan v. Delo,* 54 F.3d 1371, 1381 (8th Cir. 1995). A failure to raise a claim in the state courts erects a procedural bar to relief in the federal court. *See Sweet v. Delo,* 125 F.3d 1144, 1149-51 (8th Cir. 1997).

To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Consequently, to be considered exhausted for purposes

3

of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Here, petitioner states he is challenging the execution of his sentence resulting from a probation revocation, not his conviction. [ECF No. 1]. He has not shown, however, that he exhausted his state remedies prior to filing the instant petition, which amounts to procedural default. *See Williamson v. Minor*, 2010 WL 681376, at *4 (E.D. Mo. Feb. 22, 2010) (petitioner's failure to file a state habeas petition to contest his probation revocation is procedural default and subject to dismissal). Therefore, petitioner's claims relating to his parole revocation are not yet exhausted and cannot be brought in this Court.

Here, petitioner has not established that he exhausted his state remedies concerning his conviction, sentencing, or probation revocation. The Court can find no evidence that petitioner has raised the arguments which he brings here before a Missouri State Court. As such, it appears petitioner has not completed the "one full round of litigation" necessary to satisfy the exhaustion requirement. *See e.g.*, *See Jones v. Solem*, 739 F.2d 329, 331(8th Cir. 1984) (affirming dismissal, without prejudice, of a § 2254 petition due to petitioner's failure to exhaust state remedies where petitioner's appeal from the denial of a state post-conviction action was still pending in state court when he filed his federal habeas action).

Additionally, petitioner's conclusory statements that his grounds for "cause" are "newly discovered evidence" and a "gateway of actual innocence by way of manifest injustice" are insufficient to save his petition. Although a Court can stay and hold in abeyance a timely mixed petition – one that includes both exhausted and unexhausted grounds for relief – that is not the case in this instance. *See Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner's application for writ

4

includes only unexhausted claims, and this Court cannot stay this action under *Rhines*. See *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir.2006) (court held that *Rhines* stay and abeyance rule did not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir.2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice ... stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first"). Moreover, petitioner's conclusory claims of "actual innocence" are not backed by any factual evidence, and they have not been reviewed by a prior State Court. See *O'Sullivan v. Boerckel*, 526 U.S. 844, 842 (1999) (state courts should have a "fair opportunity to act on their claims").

For the aforementioned reasons, petitioner's application for writ of habeas corpus will be denied and dismissed without prejudice. Additionally, the Court finds petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that petitioner Wilbert Robinson's application for writ of habeas corpus is **DENIED and DISMISSED** without prejudice. [ECF No. 1]. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 21st day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE